DETROIT WHITE METAL CO. *v.* NASSAU SMELTING & REFINING WORKS.

SALES — BREACH OF CONTRACT—SET-OFF AND RECOUPMENT—CONTRACTS—FRAUDS, STATUTE OF.

In an action for damages for the breach of a contract of sale, the rejection of defendant's claim for recoupment by the trial court, on the ground that the contract on which it was based was void because resting partly in parol, *held*, erroneous; letters and telegrams between the parties containing an offer and acceptance constituting a valid contract, which was recognized in subsequent correspondence.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted October 5, 1923.    (Docket No. 45.)    Decided December 19, 1923.

Assumpsit by the Detroit White Metal Company against the Nassau Smelting & Refining Works, Ltd., for breach of a contract of sale.    Judgment for plaintiff.    Defendant brings error.    Reversed.

*Edmund M. Sloman,* for appellant.

*Lucking, Helfman, Lucking & Hanlon* (*Howell Van Auken,* of counsel), for appellee.

MOORE, J.    On January 31, 1919, plaintiff filed its declaration seeking damages for defendants' breach of a contract made on May 9, 1917, whereby defendants had agreed to purchase 36,000 pounds of ingot composition.    The metal was delivered to the defendants in New York, rejected there, returned and sold in Detroit at a lower market price by plaintiff.    The defendant pleaded the general issue with notice of recoupment and set-off.    The plaintiff obtained a verdict of $2,523.08, on the claim presented by its declaration. The court held that the defenses of recoupment and set-off sought to be shown by defendant rested in part in parol and were barred by the statute of frauds. The defendant brings the case here by writ of error and insists the court was wrong in holding that the contract urged by way of defense rested in parol.

The sole question is whether certain telegrams and letters constituted a contract.    That question cannot be answered without considering these telegrams and letters.

We quote the telegrams and parts of letters that are important:

"TELEGRAM.
                                "March 1, 1917.
"DETROIT WHITE METAL CO.,
        "Detroit, Mich.
"At what price can you furnish thirty thousand pounds of aluminum ninety-seven per cent. pure.
                        "NASSAU S. & R. WORKS."

"TELEGRAM.
                                "Mar. 1, 1917.
"NASSAU SMELTING & REFG. WORKS.
        "Best price we can make on thirty thousand pounds

of aluminum guaranteed to be the same as sample submitted forty-five cents.

"DETROIT WHITE METAL CO."

"TELEGRAM.

"Mar. 3, 1917.

"DETROIT WHITE METAL CO.,
    "Detroit, Mich.

"Confirming telephone conversation with Mr. Johnson we have purchased from you ten thousand pounds aluminum pigs guaranteed ninety-seven to ninety-nine per cent. pure at forty four fifty, basis f. o. b. New York immediate shipment, and have received option from you which expires five days after we receive ten thousand pound sample lot on additional fifty thousand pounds at same price, conditions and terms.    Shipment to be made immediately upon our exercising option.    Confirmed by mail.

"NASSAU S. & R. WORKS."

"LETTER.

"March 3, 1917.

"DETROIT WHITE METAL CO.,
    "Detroit, Mich.

"*Gentlemen:* Referring to long distance telephone conversation which the writer had the pleasure of having with your Mr. Johnson and wire sent you as per copy herewith enclosed, we now herewith beg to confirm having purchased from you:

    "10,000 lbs. uniform clean pure aluminum pigs, guaranteed 97 to 99 per cent. pure at 44½c lb. basis f. o. b. New York, immediate shipment, 80 per cent. against document upon arrival, balance immediately after receipt.

"In consideration of our purchasing these 10,000 lbs. of aluminum from you, you have extended us an option to purchase from you an additional 50,000 lbs. at the same price, conditions and terms.    Said option to be exercised within five days after receipt of the trial shipment of 10,000 lbs.    Shipment to be made immediately upon our exercising said option.    *    *    *

"Yours very truly,

"NASSAU S. & R. WORKS."

"LETTER.
"Detroit, Mich., Mar. 13, '17.
"NASSAU SMELTING & REFINING CO.,
    "New York, N. Y.
    "*Gentlemen:* Replying to your different telegrams wish to say the writer has been away from the office for the past ten days and therefore the reason for not attending to this matter.

"We are doing our utmost to ship this material but through an unfortunate occurrence we find that a lot of it has been stolen, in fact, approximately 60,000 lbs., and the people we got it from have been unable to ship to us, but expect to in the course of a few days. Please understand that we have to pay in full for all this material that we buy, therefore would have to ask you to do the same.    Will guarantee shipments to be as analysis 97 aluminum and about 3 copper.    This is the only way that we can sell this aluminum inasmuch as we have to buy the material just exactly as guaranteed, and if you want us to ship the one hundred thousand pounds as per our previous understanding, we will do so on these terms.

"Please advise us, and oblige, yours truly,
                    "DETROIT WHITE METAL CO.
                        "CHAS. A. JOHNSON."

"LETTER.
                        "Mar. 16, 1917.
"DETROIT WHITE METAL CO.,
    "Detroit, Mich.
    "*Gentlemen:* We acknowledge receipt herewith of your letter Mar. 13th, relating to our letter of Mar. 3d, in which we confirmed purchase from you of 10,000 lbs. aluminum and option for 50,000 lbs.    We understand from your present communication that you desire to change the terms of payment agreed upon between us to "draft in full" instead of "80 per cent. against documents," and that you offer to increase the option from 50,000 to 100,000 lbs.

"We do not wish to make any changes in our original agreement with you, but if it is to facilitate matters and in order to promote business relations with you we are agreeable to make the changes suggested by you with the distinct understanding, however, that this matter will not be subjected to any further delays and

that immediate shipment will be made of the 10,000 lbs. We shall confidently expect shipment to be made not later than Saturday of this week, via the quickest and best route, consigned to New York city.

"Yours very truly,
"NASSAU S. & R. WORKS."

"LETTER.
"Mar. 17, 1917.
"NASSAU SMELTING & REFINING CO.,
"New York, N. Y.
"*Gentlemen:* * * *

"We are working on the aluminum ingots and trust that you will be able to allow us to draw as per our previous letter as we have to pay sight draft on all this material. It is not because we would hesitate to sell you open account but simply because the profit to us is so small that we have to sell the material the way we purchase it.

"Yours respectfully,
"DETROIT WHITE METAL CO.
"CHAS. A. JOHNSON."

"LETTER.
"Mar. 20, 1917.
"DETROIT WHITE METAL CO.,
"Detroit, Mich.
"*Gentlemen:* * * *

"With reference to aluminum ingot due us under contract, we most respectfully refer you to our communication of Mar. 16, in which we authorized you to draw upon us in full for your aluminum shipments. We are anxiously awaiting to receive the initial shipment from you, but as yet have not received any shipping advice. Please upon receipt of this letter advise us by wire whether this shipment has gone forward and also trace same vigorously from your end.

"Yours very truly,
"NASSAU S. & R. WORKS."

"LETTER.
"Mar. 23, 1917.
"NASSAU SMELTING & REFINING CO.,
"New York, N. Y.
"*Gentlemen:* * * *

"In reference to the aluminum ingot due you, we

are doing all in our power to get it through.   It is not any fault of ours that you have not received this at this time.   We shipped to you, the 17th, a sample tin, which you have probably received by this time. Hoping the same is satisfactory and that we may hear from you at an early date in regard to this, we remain,

"Yours respectfully,

"DETROIT WHITE METAL CO.

"V. C. SNELL."

"LETTER.

"Mar. 26, 1917.

"DETROIT WHITE METAL CO.,

"Detroit, Mich.

"*Gentlemen:* We have your letter Mar. 23, and note the aluminum ingot has not yet been shipped.   We are thoroughly disappointed with the execution of this initial order.   Please advise definitely what we may expect, and oblige.

"Yours very truly,

"NASSAU S. & R. WORKS."

"LETTER.

"Detroit, Mich., Mar. 29, '17.

"NASSAU SMELTING & REFINING WORKS,

"New York, N. Y.

"*Gentlemen:* Replying to your favor of the 27th inst. relating to the aluminum and also the tin, wish to state our position regarding the aluminum.

"At the time we sold you the aluminum, we had purchased from a concern with whom we have done a good many thousand dollars worth of business, 35,000 lbs. of aluminum, and sold you the same in good faith.   On trying to get delivery from the people from whom we made the purchase, the writer was asked to call them and on doing so was advised that they had had a lot of material stolen and asked me what they were to do regarding this shipment.   I do not feel, inasmuch as we had done considerable business with them, like holding them to something that they were not to blame for.   They have promised me, however, that as soon as they get a sufficient amount they would ship it to me; therefore, we are waiting patiently till such a time as they make us a shipment, when we will certainly get in touch with you.

225—Mich.—32.

"We do not blame you in the least. We are exceedingly sorry that anything of this kind should have occurred. * * *

"Very respectfully yours,
"DETROIT WHITE METAL CO.
"C. A. JOHNSON."

"LETTER.

"Detroit, Mich., May 21, 1917.

"NASSAU SMELTING & REFINING CO.,
"New York, N. Y.

"*Gentlemen:* Regarding the aluminum that we sold you, wish to state that this was sold with the best intentions on our part and we believe on the part of the people who sold it to us, but it seems that there was a lot of material stolen from their plant and they were unable to make delivery. Owing to the amount of business that we have done with them, we could not feel that it was to our advantage to push them for delivery on something that they did not have, through no fault of their own, and we trust that we may be able to do other business with you that will offset any profit that you would have made in the transaction. * * *

"Yours respectfully,
"DETROIT WHITE METAL CO.
"C. A. JOHNSON."

"LETTER.

"May 28, 1917.

"DETROIT WHITE METAL CO., Inc.,
"Detroit, Mich.

"*Gentlemen:* We have for acknowledgment your favor of May 21. In reply we beg to state that we are not interested in your source of supply. All we are interested in is knowing when we may expect the shipment of aluminum ingot which you owe us.

"Yours very truly,
"NASSAU S. & R. WORKS."

The correspondence up to and including the letter of March 3, 1917, shows an offer to sell and an acceptance of the offer. The subsequent correspondence shows the recognition of an existing contract.

As it is conceded the aluminum was not furnished,

the defendant should have been permitted to show what damage it sustained, if it could do so.

The judgment is reversed and a new trial is ordered, with costs to the appellant.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.